Kurt M. Zitzer (014110
Wyatt M. Bailey (020356)
**MEAGHER & GEER, P.L.L.P.**
8800 North Gainey Center Drive, Suite 261
Scottsdale, Arizona 85258
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
kzitzer@meagher.com
wbailey@meagher.com
Attorneys for Scottsdale Indemnity Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Indemnity Company,<br><br>Plaintiff,<br><br>vs.<br><br>Axcess Recovery USA LLC; Joseph J. Dohnalek; Jason Malone and Jane Doe Malone; Francisco Nunez and Jane Doe Nunez,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Scottsdale Indemnity Company, for its Complaint against Defendants Axcess Recovery USA LLC, Jason Malone, Francisco Nunez and Joseph J. Dohnalek, hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Scottsdale Indemnity Company ("Scottsdale") is an Ohio corporation.

2. Axcess Recovery USA LLC ("Axcess") is an Arizona limited liability company with is principal place of business in Arizona.

3. Upon information and belief, Axcess has a single member, identified as Masterpiece Trust, an Arizona irrevocable trust, of PO Box 987, Maricopa, Arizona 85139.

4. Joseph J. Dohnalek ("Dohnalek") is a resident and citizen of the State of Arizona.

5. Jason Malone and Jane Doe Malone ("Malone") are residents and citizens of the State of Arizona.

6. Francisco Nunez and Jane Doe Nunez ("Nunez") are residents and citizens of the State of Arizona.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

8. The citizenship of Scottsdale is diverse from that of all defendants and their members.

9. Any married defendants were acting for and on behalf of themselves individually and for their marital communities so that any acts were done for and on behalf of themselves and their respective marital communities and in furtherance thereof.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Upon information and belief, Axcess, Malone and Nunez seek defense and indemnity coverage from Scottsdale for certain claims of assault and battery asserted by Dohnalek (the "Claims"). On or about June 28, 2016, Dohnalek secured a final Judgment against Axcess, Malone and Nunez in Pinal County Superior Court, holding them jointly and severally liable for the principal amount of $75,000 for compensatory damages (with 4.5% interest per annum), $250,000 in punitive damages (with 4.5% interest per annum), and $596.00 in costs (with 4.5% interest per annum).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). Dohnalek, Malone and Nunez reside in this district. Additionally, the events giving rise to this action occurred in this district.

2

## GENERAL ALLEGATIONS[1]

12. On or about November 26, 2013, Dohnalek was allegedly driving a vehicle of a friend when he was assaulted by defendant Malone, working for and on behalf of defendant Axcess, and at the behest of defendant Nunez, and in concert with Nunez. See Exhibit A, ¶ 7.

13. On or about November 26, 2013, Malone, in an alleged effort to repossess the vehicle which Dohnalek was driving, unreasonably pursued Dohnalek until Dohnalek's vehicle, in the course of flight from Malone and Nunez, became stuck off road. See Exhibit A, ¶ 7.

14. On or about November 26, 2013 Malone allegedly exited his vehicle and smashed the window of Dohnalek's vehicle with a mag light in an effort to gain entry into the vehicle or to get Dohnalek out of the vehicle, hitting Dohnalek in the head. See Exhibit A, ¶ 7.

15. The Underlying Complaint further alleges that, "[I]n the course of this assault or negligent battery, Nunez was present and took Dohnalek's cell phone and suborned the assault and battery." See Exhibit A, ¶ 8.

16. Dohnalek filed a lawsuit against Malone, Nunez and Axcess on November 24, 2014 in the Pinal County Superior Court (the "Underlying Lawsuit"). Following a jury trial, a final verdict was rendered against Axcess, Malone and Nunez holding them jointly and severally liable for compensatory and punitive damages (the "Judgment"). A copy of the Judgment is attached as Exhibit B.

17. On or around April 11, 2016, counsel for Dohnalek provided notice of the lawsuit to insurance coverage counsel for Scottsdale.

18. Scottsdale issued a Commercial General Liability policy to Axcess, identified as policy number OPI0012250 (the "Policy"). The Policy, with an effective period of October

---

[1] The factual allegations set forth are taken from the allegations of the underlying complaint, filed in Pinal County Superior Court, State of Arizona – case number CV2014-02706 (the "Underlying Complaint"). A copy of the complaint is attached for the Court's convenience as Exhibit A.

3

13, 2013 to October 13, 2014, includes "bodily injury" and "property damage" liability limits of $1,000,000 per occurrence, $1,000,000 for personal and advertising injury, and a $3,000,000 general aggregate. A certified copy of the policy is attached as Exhibit C.

19. Prior to April 11, 2016, Scottsdale had no knowledge or notice of the Claims, the Underlying Complaint or the Underlying Lawsuit.

20. On or about July 11, 2016, Scottsdale declined to defend or indemnify Axcess or any other insured defendant in the Underlying Lawsuit.

21. On August 1, 2016, counsel for Dohnalek made a demand for payment of the full Judgment on behalf of Dohnalek to Scottsdale.

22. Scottsdale denies any responsibility for the payment of the Judgment Dohnalek secured in the Underlying Lawsuit.

23. Dohnalek's claims against Axcess, Malone and Nunez are not covered by the Policy.

24. The Policy includes Endorsement form UTI-137g (7-99), entitled Assault and/or Battery Exclusion, which reads as follows:

**ASSAULT AND/OR BATTERY EXCLUSION**

This insurance does not apply to Bodily Injury, Property Damage or Personal and Advertising Injury (Personal Injury or Advertising Injury) arising from:

1. Assault and/or Battery committed by any insured, any employee of any insured, or any other person;

2. The failure to suppress or prevent Assault and/or Battery by any person in 1., above; or

3. The negligent:

    a.  Employment;
    b.  Investigation;

4

c. Supervision;
d. Reporting to the property authorities, or failure to so report; or
e. Retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above.

25. The Assault and/or Battery Exclusion applies to any assault and/or battery committed by the insured, any employee or any other person, and applies to preclude coverage for the allegations in the Underlying Complaint and any Judgment secured in connection with the Judgment.

26. The Policy also includes a punitive damages exclusion, found on form UTI-182s (12-12), which separately applies to preclude coverage for the award of punitive or exemplary damages in the Underlying Lawsuit.

27. The Policy also includes an exclusion for "bodily injury" or "property damage" that is expected or intended. Specifically, exclusion **a**. of the Policy states that the insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

28. Exclusion **a.** applies to preclude coverage for the allegations in the Underlying Lawsuit and any Judgment secured in connection with the Underlying Lawsuit.

29. The Policy conditions coverage on compliance with certain policy provisions. Relevantly, the Policy states:

SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

5

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit;" and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

30. Scottsdale was not informed of the lawsuit until April 11, 2016, more than 16 months after the filing of the Complaint, when counsel for Dohnalek alerted Scottsdale of the lawsuit and indicated that the trial was scheduled to begin later in the week.

31. Axcess, Malone and Nunez's unreasonable delays in notifying Scottsdale of the Claims and the Underlying Lawsuit, and failure to immediately send copies of any demands, notices, summonses or legal papers received, and other acts of omissions, are violations of the Policy's cooperation conditions and prejudiced Scottsdale.

**COUNT ONE**

**(Declaratory Judgment)**

**(Assault and Battery Exclusion)**

32. Scottsdale incorporates by reference all previous allegations as though fully set forth in this claim for relief.

33. The Policy does not provide defense or indemnity coverage for Dohnalek's claims because the Policy excludes coverage for "Assault and/or Battery" pursuant to Endorsement form UTI-137g (7-99).

34. Pursuant to the Assault and/or Battery endorsement/exclusion, Scottsdale is entitled to a judicial declaration that it did not, and does not, have a duty to defend Axcess, Malone and Nunez against Dohnalek's claims in the Underlying Lawsuit.

35. Pursuant to the Assault and/or Battery endorsement/exclusion, Scottsdale is entitled to a judicial declaration that it does not have a duty to indemnify Axcess, Malone and Nunez against Dohnalek's claims in the Underlying Lawsuit and the resulting Judgment.

**COUNT TWO**

**(Declaratory Judgment)**

**(Punitive Damages Exclusion)**

36. Scottsdale incorporates by reference all previous allegations as though fully set forth in this claim for relief.

37. The Judgment against Axcess, Malone and Nunez holds them jointly and severally liable for punitive damages in the amount of $250,000, plus interest.

38. The Policy includes a punitive damages exclusion, found on form UTI-182s (12-12), which precludes coverage for the award of punitive or exemplary damages in the Underlying Lawsuit and Judgment.

39. Pursuant to the punitive damages exclusion, Scottsdale is entitled to a judicial declaration that it does not have a duty to indemnify Axcess, Malone and Nunez in connection with the punitive damage award.

## COUNT THREE

## (Declaratory Judgment)

## (Expected or Intended Injury Exclusion)

40. Scottsdale incorporates by reference all previous allegations as though fully set forth in this claim for relief.

41. The Underlying Lawsuit alleges intentional conduct by the defendants resulting in bodily injury to Dohnalek.

42. Exclusion a. of the Policy specifically excludes coverage for, "'[B]odily injury' or 'property damage' expected or intended from the standpoint of the insured."

43. This exclusion applies to preclude any duty to defend or indemnify Axcess, Malone or Nunez in connection with the Underlying Lawsuit or Judgment.

44. Scottsdale is entitled to a judicial declaration that it did not, and does not, have a duty to defend or indemnify Axcess, Malone and Nunez against Dohnalek's claims in the Underlying Lawsuit and the Judgment.

## COUNT FOUR

## (Declaratory Judgment)

## (Violations of Cooperation Conditions)

45. Scottsdale incorporates by reference all previous allegations as though fully set forth in this claim for relief.

46. Axcess, Malone and Nunez violated the conditions of the Policy by, among other acts and omissions, failing to prompt notice of Dohnalek's Claims, the Underlying Lawsuit, and failed to cooperate with Scottsdale.

47. Axcess, Malone and Nunez's violations of the conditions of the Policy prejudiced Scottsdale.

48. Axcess, Malone and Nunez's violations of the conditions of the Policy void coverage for any potential duty to defend or for any indemnification for the Judgment.

49. Scottsdale is entitled to a declaratory judgement that its Policy provides no coverage for the Underlying Lawsuit and Judgment.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale respectfully requests that this Court enter Judgment declaring that:

A. Scottsdale did not, and does not, have any duty to defend Axcess, Malone or Nunez in connection with the Underlying Lawsuit.

B. Scottsdale does not have a duty to indemnify Axcess, Malone or Nunez for any settlement or Judgment in connection with the Underlying Lawsuit.

C. Scottsdale is entitled to its attorneys' fees and costs incurred in this action.

D. Scottsdale is entitled to such other and further relief as the Court deems proper.

DATED this 5th day of February 2019.

                MEAGHER & GEER, P.L.L.P.

                By: /s/Wyatt M. Bailey
                     Kurt M. Zitzer
                     Wyatt M. Bailey
                     8800 N. Gainey Center Dr., Suite 261
                     Scottsdale, Arizona 85258
                     Attorneys for Scottsdale Insurance Company

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, I electronically transmitted the attached documents to the clerk's office using the CM/ECF system for filing, and thereby transmitted a notice of electric filing to the following CM/ECF registrants:

Clerk of Court
U.S. District Court
District of AZ – Phoenix
401 W. Washington St., Ste. 130
Phoenix, AZ  85007

By: s/Judy Mannino

6872827.1